Nicole Hancock, ISB No. 6899
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040
nicole.hancock@stoel.com

Hannah Brass Greer, ISB No. 8232
PLANNED PARENTHOOD OF THE GREAT
NORTHWEST AND THE HAWAIIAN ISLANDS
2001 East Madison Street
Seattle, WA 98122
Telephone: 206.427.3208
Hannah.BrassGreer@ppgnhi.org

Alice Clapman, *Pro Hac Vice*
PLANNED PARENTHOOD FEDERATION OF
AMERICA
1110 Vermont Avenue NW
Washington, DC 20005
Telephone: 202.973.4862
alice.clapman@ppfa.org

Kim C. Clark, *Pro Hac Vice*
LEGAL VOICE
907 Pine Street, Suite 500
Seattle, WA 98101
Telephone: 206.682.9552
Facsimile: 206.682.9556
kclark@legalvoice.org

Vanessa Soriano Power, *Pro Hac Vice*
vanessa.power@stoel.com
Jill D. Bowman, *Pro Hac Vice*
jill.bowman@stoel.com
S. Julia Collier, *Pro Hac Vice*
julia.collier@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

*Attorneys for Plaintiffs*

REPLY IN SUPPORT OF PLAINTIFFS'
REQUEST TO TAKE JUDICIAL NOTICE (Dkt 44) - 1

102041597.1 0099880-01204

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, a Washington corporation; MARY STARK, on behalf of herself and her patients,<br><br>                Plaintiffs,<br><br>      v.<br><br>LAWRENCE G. WASDEN, in his official capacity as Attorney General of Idaho; JAN M. BENNETTS, in her official capacity as Ada County Prosecuting Attorney; GRANT P. LOEBS, in his official capacity as Twin Falls County Prosecuting Attorney; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF MEDICINE, in their official capacity; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF NURSING, in their official capacity,<br><br>                Defendants. | Case No. 1:18-cv-00555-REB<br><br>REPLY IN SUPPORT OF PLAINTIFFS' REQUEST TO TAKE JUDICIAL NOTICE (Dkt 44) |

      Plaintiffs' request for judicial notice (Dkt. 44) should be granted. Contrary to Defendants' objection, the documents at issue are appropriate for judicial notice because they are relevant to the plausibility of Plaintiffs' claims, particularly in the context of a motion to dismiss. *Banks v. Clark County, Nev.,* 461 F. App'x 585, 587 (9th Cir. 2011).

      Whether a court may take judicial notice of another proceeding is fact-specific. The facts and circumstances of this case weigh in favor of the Court taking judicial notice of the joint motion and proposed order filed in *Planned Parenthood of the Great Nw. & the Hawaiian Islands v. Wasden*, No. 1:15-cv-00557-EJL (D. Idaho Dec. 1, 2015) (the "2015 Case"), ECF No. 40 and 40-2. The documents are relevant to the plausibility of Plaintiffs' claims here. Defendants' challenge is puzzling because Defendants themselves sought judicial notice of two

REPLY IN SUPPORT OF PLAINTIFFS'
REQUEST TO TAKE JUDICIAL NOTICE (Dkt 44) - 2

filings <u>in the very same case</u>. *See* Dkt. 34 (Defendants' Request to Take Judicial Notice). Defendants asked the Court, without opposition from Plaintiffs, to take judicial notice of the Complaint and Stipulated Facts filed in the 2015 Case. *Id.* In doing so, Defendants ask the Court to consider the factual allegations and stipulated facts asserted in the 2015 Case for their own purposes, but not to consider subsequent filings <u>in the same case</u> for Plaintiffs' purposes. Defendants' position is disingenuous, at best.

Judicial notice of the joint motion and proposed order are proper here. They offer relevant contextual information to support the plausibility of Plaintiffs' claims. In their motion to dismiss, Defendants contend the challenged APC Ban is not "state action." The very same Defendants, however, took the opposite position in the joint motion filed in the 2015 Case. In the 2015 Case, Defendants took the position that a state ban on using telemedicine to provide abortion "impose[d] an undue burden on women's access to abortion and therefore violate[d] the Fourteenth Amendment." *See* Dkt 40-2. Restrictions on who can perform an abortion are just as much "state action" as restrictions on how abortion services can be delivered, and both types of restrictions are equally subject to the undue burden balancing test.

Defendants offer no valid basis for disclaiming their position in the 2015 Case. In opposing Plaintiffs' request for judicial notice, Defendants make the conclusory assertion that the joint motion is irrelevant and disputed, but they fail to support either assertion. The fact that the proposed order to which Defendants agreed in the 2015 Case was never issued by the court (because in the interim the Idaho legislature repealed the challenged restriction - expressly to end the litigation) is immaterial. The relevant fact is that Defendants agreed to the proposed order finding the telemedicine ban unconstitutional, and it is undisputed that they did so.

REPLY IN SUPPORT OF PLAINTIFFS'
REQUEST TO TAKE JUDICIAL NOTICE (Dkt 44) - 3

102041597.1 0099880-01204

The Washington Attorney General Opinion (the "Opinion") is likewise subject to judicial notice.  Plaintiffs do not argue, as suggested by the State, that the facts or legal analysis applied in the Opinion are binding facts in this case.  In fact, the Opinion is offered in direct response to the State's assertion in the motion to dismiss that "Idaho, like the majority of states, mandates that only physicians may perform abortions."  *See* Motion (Dkt. 33) at note 3.  The motion specifically cites Wash. Rev. Code § 9.02.110, which the Washington Attorney General has since opined is unconstitutional.  Plaintiffs do not ask the Court to opine on Washington law or to rely on the Opinion in analyzing the constitutionality of Idaho law.  The Opinion is offered simply to ensure the Court has current and accurate information regarding the status of related laws in other states.

For these reasons, the State's objection is without merit and Plaintiffs' request for judicial notice should be granted.

DATED:  May 24, 2019.

STOEL RIVES LLP

*/s/ Nicole Hancock*
Nicole Hancock

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2019, I served a copy of the foregoing **REQUEST TO TAKE JUDICIAL NOTICE (Dkt 44)** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

      Cynthia Yee Wallace – cynthia.wallace@ag.idaho.gov
      *Attorney for Defendants*

                                  */s/ Nicole C. Hancock*
                                  Nicole C. Hancock
                                  Attorneys for Plaintiffs