UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, a Washington corporation; MARY STARK, on behalf of herself and her patients, | Case No. 1:18-CV-00555-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| LAWRENCE G. WASDEN, in his official capacity as Attorney General of Idaho; JAN M. BENNETTS, in her official capacity as Ada County Prosecuting Attorney; GRANT P. LOEBS, in his official capacity as Twin Falls County Prosecuting Attorney; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF MEDICINE, in their official capacity; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF NURSING, in their official capacity, | |
| Defendants. | |

**INTRODUCTION**

Pending before the Court is Defendants' motion to certify the Court's Order

of July 24, 2019 for interlocutory appeal to the United States Court of Appeals for

MEMORANDUM DECISION AND ORDER – 1

the Ninth Circuit. (Dkt. 57.) After carefully considering the parties' written memoranda and relevant case law, for the reasons the follow, the Court will deny the motion.

## BACKGROUND

Plaintiffs Planned Parenthood of the Great Northwest and Hawaiian Islands and Mary Stark, a nurse practitioner licensed to practice advanced nursing in Idaho, Washington, and Oregon, on behalf of herself and her patients, brought a civil rights lawsuit under 42 U.S.C. § 1983 claiming an Idaho statute that makes it unlawful for any person other than a physician to perform an abortion violates the Constitution of the United States of America. Plaintiffs allege Idaho's "Physician-Only Law" violates their patients' rights to liberty and privacy as guaranteed by the Due Process Clause of the Fourteenth Amendment. They also argue the law violates equal protection rights of patients and Advanced Practice Clinicians (APCs), like Ms. Stark, under the Fourteenth Amendment's Equal Protection Clause.

Defendants moved to dismiss the Complaint, asserting Plaintiffs' substantive due process claims are foreclosed by binding Supreme Court precedent, and that Plaintiffs failed to state a claim for relief or meet the pleading requirements of Federal Rule of Civil Procedure 8. (Dkt. 33.) After careful consideration of the

MEMORANDUM DECISION AND ORDER – 2

motion to dismiss, the Court denied it in full. (Memorandum Decision and Order, Dkt. 54.)

In denying the motion, the Court rejected the same argument Defendants make here—that the Supreme Court's 1997 holding in *Mazurek v. Armstrong* controls the disposition of Plaintiffs' due process-based undue burden claims—and therefore, Plaintiff's claims are precluded as a matter of law. (*See* Order, Dkt. 54 at 8-11. In distinguishing this case from *Mazurek*, the Court relied on *Whole Woman's Health v. Hellerstedt* (*WWH*), wherein the Supreme Court has most recently stated the analytical framework for undue burden claims:

> We begin with the standard, as described in *Casey*. We recognize that the "State has a legitimate interest in seeing to it that abortion, like any other medical procedure, is performed under circumstances that insure maximum safety for the patient." But, we added, "a statute which, while furthering [a] valid state interest, has the effect of placing a substantial obstacle in the path of a woman's choice cannot be considered a permissible means of serving its legitimate ends." Moreover, "[u]nnecessary health regulations that have the purpose or effect of presenting a substantial obstacle to a woman seeking an abortion impose an undue burden on the right."

MDO, Dkt. 54 at 8 quoting *WWH* at 2309 (quoting *Roe v. Wade*, 410 U.S. 113, 150 (1973), and *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 877-78 (1992)).

The Court found "*WWH* cemented the *Casey* standard as a contextual, fact-based inquiry where a trial court must assess the impact of the alleged regulatory burden as specifically applied." *Id.* Provided this, the Court concluded that the

"fact-intensive balancing inquiry required by *WWH* guides this Court's approach" to Plaintiff's undue burden claims. *Id.*

Defendants' present motion argues the Court should certify the question regarding whether the *WWH* standard applies to Plaintiff's undue burden claims, or whether, as they advance, the Supreme Court intended to draw a bright line prohibiting undue burden claims based on state-made physician-only laws, i.e. whether *Mazurek* forecloses Plaintiffs' undue burden claims. The Defendants define the "*Mazurek* question" as follows:

> Whether *Mazurek v. Armstrong*, 520 U.S. 968 (1997), and the U.S. Supreme Court precedent relied on in *Mazurek*, established a bright line rule precluding Plaintiffs' substantive due process claim because in order "to ensure the safety of the abortion procedure, … States may mandate that only physicians perform abortions[.]"

(Dkt. 57-1 at 2.)

The Court will analyze the merits of Defendants' argument below.

## STANDARD OF LAW

United States district courts have discretion to allow interlocutory appeals. *Swint v. Chambers County Com'n*, 514 U.S. 35 (1995). A district court may certify any interlocutory order for appeal to the circuit court if: (1) the order "involves a controlling question of law;" (2) "as to which there is substantial ground for difference of opinion;" and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation." 28 U.S.C.§ 1292(b).

All three criteria must be met to certify an issue. *City of San Diego v. Monsanto Co.*, 310 F. Supp. 3d 1057, 1065 (S.D. Cal. 2018) (citing *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). Because Section 1292(b) is a departure from the general rule that only final judgments are appealable, it should be used only in exceptional situations where allowing an interlocutory appeal would avoid protracted and expensive litigation. *Id; In reCement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981).

## ANALYSIS

Defendants argue, and Plaintiffs concede, that the *Mazurek* question involves a controlling question of law. As such, the Court must determine whether Defendants have met their burden to show exceptional circumstances exist sufficient to warrant interlocutory certification of the Order pursuant to each of Section 1292(b)'s other two factors.

### 1.     Whether there is substantial ground for difference of opinion.

Courts must examine the extent to which a controlling law is unclear to determine if a substantial ground for difference of opinion exists under Section 1292(b). *Couch*, 611 F.3d at 633. Traditionally, a substantial ground for difference of opinion exists "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise

under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (internal quotations omitted).

Yet, a substantial difference of opinion is not present simply because a court is the first to rule on the particular question or just because one party argues that one precedent is controlling. *Id.* Furthermore, disagreement with the Court's ruling does not create a "substantial ground for difference," as would allow interlocutory appeal—the moving party "must make some greater showing." *Association of Irritated Residents v. Fred Schakel Dairy*, 634 F.Supp.2d 1081 (E.D. Cal. 2008). Additionally, the fact "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch* at 633.

Here, Defendants argue that, although "there is little debate that *WWH* affirmed the undue burden test in *Casey* and defined how evidence should be evaluated in cases involving an undue burden analysis… there is *substantial* debate about what role *Mazurek* plays with regard to Idaho's physician-only laws in light of *WWH*." (Dkt. 57-1.) Defendants do not cite to any case that has been decided since *WWH* to show there is significant debate regarding whether *WWH* clarified that a court must perform *Casey's* undue burden analysis to every challenged restriction on a woman's right to an abortion—including performing the analysis on state-made physician-only laws.

MEMORANDUM DECISION AND ORDER – 6

Instead, Defendants cite to "[a] host of lower federal and state court decisions" decided before *WWH* to support the position that there is substantial disagreement regarding whether *Mazurek* created a bright-line rule foreclosing any substantive due process challenge to a state-made physician-only law.[1] Notably, three of the cases cited by Defendants predate *Mazurek*, and only one case cited was issued by a court situated within the Ninth Circuit's geographical limits—the Arizona state court of appeals.[2]

With this in mind, the Court turns to the precedent relevant to the analysis in this case. The Ninth Circuit Court of Appeals has not ruled on the question of whether the Supreme Court's decision in *Mazurek* created a bright-line rule foreclosing substantive due process undue burden challenges to state-made physician-only laws. Put another way, the Ninth Circuit has not spoken directly as to whether the Supreme Court's decision in *WWH* clarified that *Casey's* undue burden analysis must be performed on every law restricting access to abortion— including physician-only laws.

---

[1] *See Birth Control Ctrs., Inc. v. Reizen*, 743 F.2d 352, 364 (6th Cir. 1984); *Fla. Women's Med. Clinic, Inc. v. Smith*, 536 F. Supp. 1048, 1057 (S.D. Fla. 1982); *Wright v. State*, 351 So. 2d 708, 711 (Fla. 1977); *see also Planned Parenthood Ariz., Inc. v. Am. Ass'n of Pro-Life Obstetricians & Gynecologists*, 257 P.3d 181, 195 (Ariz. Ct. App. 2011); *see also Gonzales v. Carhart*, 550 U.S. 124, 164 (2007); *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 412 (5th Cir. 2013); *A Woman's Choice-E. Side Women's Clinic v. Newman*, 305 F.3d 684, 688 (7th Cir. 2002).

[2] *See supra* n. 1.

Notably, in a decision recently issued on September 30, 2019, the United States District Court for the District of Virginia discussed *Mazurek* in the context of Virginia's physician-only law. *Falls Church Med. Ctr., LLC v. Oliver*, No. 3:18CV428-HEH, 2019 WL 4794529 (E.D. Va. Sept. 30, 2019). The court acknowledged the long line of cases upholding physician-only laws. *Id.* at *17. Yet, the court ultimately applied the undue burden analysis established in *Casey* and recently re-stated in *WWH*—not *Mazurek*. *Id.* at *15-17. In its holding, the court found the evidence presented had not shown the physician-only law "caused an undue burden on a *significant number of women seeking abortion care*." (emphasis in original.) *Id.* at *17. Although not binding, the Virginia district court's analysis is instructive in this case and is consistent with the Court's treatment of *Mazurek*.

Thus, this case does not present an instance where the circuits are in dispute and the Ninth Circuit has not spoken on the question. Rather, it presents an instance where this Court is the first to rule on the precise question and Defendants argue, simply, that *Mazurek* is controlling. Therefore, rather than presenting a case of exceptional circumstance, this case presents the rather common occurrence of a district court providing a ruling on a question of law and a party disagreeing with the Court's decision. Accordingly, the Court finds the question of controlling law at issue here is not one upon which a substantial ground of difference of opinion

MEMORANDUM DECISION AND ORDER – 8

exists sufficient to warrant certification of the Court's Order on Defendants' motion to dismiss pursuant to Section 1292(b).

**2.     Whether an immediate appeal of the Court's Order may materially advance the ultimate termination of the litigation.**

Because the Court has determined that the question of controlling law at issue here is not one upon which a substantial ground of difference of opinion exists sufficient to warrant certification, it need not decide whether certification would materially advance the ultimate termination of the litigation.

Yet, to this end, the Court notes that it has issued two orders granting joint motions to stay discovery. (*See* Dkt. 36 and Dkt. 60.) The first order stayed discovery pending the Court's issuance of a decision on Defendants' motion to dismiss. (Dkt. 36.) The second order, issued in September 6, 2019, stayed discovery pending the Court's issuance of a decision on Defendants' motion to certify. (Dkt. 64.) The Court now issues this decision, approximately one month after staying discovery, and little more than one month after the motion became ripe.

Upon issuance of this order, the Court will reset deadlines for the parties' to submit their litigation and discovery plans, reset the twice-vacated scheduling conference, and work with the parties "to secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1. Therefore, the Court finds also

MEMORANDUM DECISION AND ORDER – 9

that certification of its earlier order will not materially advance the ultimate termination of this litigation by saving any significant expense or time.

## CONCLUSION

The question of controlling law at issue here is not one upon which a substantial ground of difference of opinion exists sufficient to warrant certification of the Court's Order on Defendants' motion to dismiss. Furthermore, an immediate appeal of the Court's earlier Order will not material advance the ultimate termination of the litigation. Therefore, the Court will deny Defendants' motion for certification.

## <u>ORDER</u>

**IT IS ORDERED:**

1.  Defendants' Motion to Certify Order (Dkt. 54) for Interlocutory

    Appeal (Dkt. 57) is **DENIED**.

DATED: October 15, 2019

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 10