Nicole Hancock, ISB No. 6899
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040
nicole.hancock@stoel.com

Vanessa Soriano Power, *Pro Hac Vice*
vanessa.power@stoel.com
Jill D. Bowman, *Pro Hac Vice*
jill.bowman@stoel.com
S. Julia Collier, *Pro Hac Vice*
julia.collier@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, a Washington corporation; MARY STARK, on behalf of herself and her patients, <br><br> Plaintiffs, <br><br> v. <br><br> LAWRENCE G. WASDEN, in his official capacity as Attorney General of Idaho; JAN M. BENNETTS, in her official capacity as Ada County Prosecuting Attorney; GRANT P. LOEBS, in his official capacity as Twin Falls County Prosecuting Attorney; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF MEDICINE, in their official capacity; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF NURSING, in their official capacity, <br><br> Defendants. | Case No. 1:18-cv-00555-BLW <br><br> **PLAINTIFFS' POSITION REGARDING DISCOVERY DISPUTE:** <br><br> **(1) DEPOSITIONS OF ALL PHYSICIANS WHO PERFORM ABORTIONS** <br><br> **(2) IDENTIFICATION OF WOMEN WHO HAD ABORTIONS** <br><br> **(3) TIME SCOPE OF DEFENDANTS' INTERROGATORY 18** <br><br> **(4) DISCLOSURE OF PHYSICIAN IDENTITIES BEYOND ATTORNEYS' EYES ONLY** |

I.      DEPOSITIONS OF ALL PHYSICIANS WHO PERFORM ABORTIONS

Planned Parenthood of the Great Northwest and the Hawaiian Islands ("PPGNHI") objects to Defendants' request to increase the fact deposition limit and compel depositions of all physicians in Idaho who perform abortions.[1]  Defendants contend that they need depositions of every physician to test Plaintiffs' factual allegations, in particular with respect to physician shortages and availability.  Defendants' request is unreasonable because:  **(1)** PPGNHI has already agreed to a Fed. R. Civ. P. 30(b)(6) deposition, as well as to make available for deposition three individual physicians, including the two physicians who are employed by PPGNHI and one physician (as a representative exemplar) who works with PPGNHI on a contract, per diem basis; **(2)** additional depositions would be cumulative in light of testimony to be provided and discovery responses, and otherwise inconsistent with the scope and proportion limitations under Fed. R. Civ. P. 26(b)(1); and **(3)** the current public health crisis warrants scrutiny of Defendants' stated need to depose every single physician, all of whom provide a variety of important, time sensitive health services to their patients beyond abortion services.

*First,* Defendants will have ample opportunity to test Plaintiffs' factual allegations through the depositions of PPGNHI's Rule 30(b)(6) designee(s); the two physicians who are PPGNHI employees; and one representative exemplar physician who is affiliated with PPGNHI

---

[1] Defendants seek to depose not only all physicians performing abortions in Idaho who are employed by or otherwise affiliated with PPGNHI (performing services on a per diem basis), but also "all of the physicians in Idaho who are performing elective abortions in Idaho who do not work for or with Planned Parenthood." (March 30, 2020 letter from Yee-Wallace, Defendants' counsel).  Defendants' insistence on calling abortion "elective" is contrary to the position of the American Medical Association, the American College of Obstetricians and Gynecologists, and other major medical groups, that abortion is essential care.  Brief of ACOG, et al. as Amici Curiae in Opposition to the Petition for a Writ of Mandamus, *In re Greg Abbott*, No. 20-50264 (5th Cir. Apr. 2, 2020).

under a per diem contract.  PPGNHI recognizes that its designee(s) under Rule 30(b)(6) will be required to testify broadly as to the knowledge of the entity, including institutional knowledge regarding physician shortages and limitations on physician availability and specific knowledge regarding individual physicians who work for or with PPGNHI, including their education and training and their additional practices.  Defendants assert that they are entitled to ask every physician how the physician-only laws ("APC Ban") have impacted their ability to perform abortions in Idaho, but do not explain why the depositions proposed are insufficient or why depositions of every physician are needed.

*Second,* as the parties and Court are well aware, we are in the midst of a health crisis. PPGHNI's health centers in Idaho offer a variety of important, time sensitive health services to its patients, currently in the context of needing to take stringent precautions against the spread of COVID-19 and plan for potential staff shortages.  Defendants' demand to depose every single physician employed by and affiliated with PPGNHI, as well as any others in Idaho who perform abortions, does not account for the impact of COVID-19 on health care providers, let alone the need for physicians to continue to care for their patients' other health care needs.

*Third,* deposing every physician in Idaho who performs abortions is inconsistent with the scope limitations of Fed. R. Civ. P. 26(b)(1).  Defendants' demand to depose every physician would be unduly burdensome and disproportional to the needs of the case.  *See Ellis v. Corizon,* Case No. 1:15-cv-00303-BLW, 2018 WL 1865158 at *2 (D. Idaho April 18, 2018).  The depositions would be unduly burdensome, particularly in the context of the current public health crisis.  The depositions sought are disproportional because the central issue in the case is the constitutionality of the APC Ban and the burden it places on patients.  Here, not only will Defendants obtain any necessary testimony via the depositions already proposed by PPGNHI,

PLAINTIFFS' POSITION REGARDING DISCOVERY DISPUTE - 2
106046121.1 0099880-01204

Defendants will also have substantial information in response to discovery.  *See* Ex. A (Interrogatory 18).  PPGNHI's discovery responses are being supplemented and will reflect, on behalf of all physicians who are employed by or affiliated with PPGNHI, over a one-year period, their work history, schedules, limitations on availability, and reasons for limitations on availability.  Depositions of every physician would thus be cumulative and disproportionate.

For all these reasons, PPGNHI asks the Court to deny Defendants' request to increase the fact witness deposition limit and compel depositions of every Idaho physician who performs abortions.

## II.    IDENTIFICATION OF WOMEN WHO HAD ABORTIONS

Defendants' request to compel answers to contention interrogatories should be denied.[2] Defendants demand that Plaintiffs identify every woman in Idaho who has had an abortion in the past 10 years who experienced the burdens alleged in the Complaint.  Defendants' demand that Plaintiffs comb through over ten thousand patient records is wildly out of step with decades of abortion litigation in the Ninth Circuit and elsewhere, in which courts have found an undue burden based not on evidence about individually identified patients but rather on expert testimony analyzing aggregate data, as well as testimony from clinicians about burdens common to many of their patients.  *See, e.g.*, *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 888–94 (1992) (invalidating spousal notice requirement based on expert witness testimony and research); *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2311–13, 2316–17 (2016) (invalidating abortion restriction without citing evidence specific to any individually identified patents); *Planned Parenthood Ariz., Inc. v. Humble*, 753 F.3d 905, 915–17 (9th Cir. 2014) (same).

Of note, this dispute is not simply about addressing patient privacy, which Plaintiffs

---

[2] PPGNHI Interrogatories 9-14, 16-17, 19 and Mary Stark Interrogatories 8-15, 17.

recognize Defendants considered in proposing production of patient files using anonymized identifiers.  This dispute is about whether individual patient files of over <u>ten thousand</u> women who have obtained abortions from PPGNHI over 10 years are subject to disclosure.  They are not.

These many thousands of individual patient files are not at issue because PPGNHI has not identified particular patients whose facts are necessary or relevant to the claims and who are willing to disclose those facts in litigation.  Indeed, many of the burdens Plaintiffs are asserting here would not necessarily be reflected in these records; patient records reflect what is clinically relevant, which often would not include facts about how a patient was harmed by any particular restriction or whether she could have obtained care sooner were more clinicians available to provide that care.  Instead of relying on individual patient records, PPGNHI has relied on and will be producing patient information in the form of aggregate data that are quantitative and de-identified, as well as in the form of provider testimony about circumstances common to many of their patients.  This is consistent with the type of information that is collected and made publicly available in aggregate form by the State of Idaho Bureau of Vital Statistics.  *See* Ex. B (Report of Induced Termination of Pregnancy); Ex. C (Abortion Complications Reporting Form).

It would be unduly burdensome and disproportional for Plaintiffs, and contrary to established Circuit precedent, if they were directed to comb through every file of the over ten thousand women who have had an abortion at Planned Parenthood in the last 10 years, or even over some shorter period, to determine whether a particular woman's file reflects evidence of an undue burden.  That is especially so in light of the fact that Plaintiffs did not identify particular women in making the allegations in their Complaint, instead relying on aggregate, anonymized data.  Those data will of course be produced to Defendants.

PLAINTIFFS' POSITION REGARDING DISCOVERY DISPUTE - 4
106046121.1 0099880-01204

### III.     TIME SCOPE OF DEFENDANTS' INTERROGATORY 18

The only dispute regarding Defendants' Interrogatory 18 is the applicable temporal scope. For each physician employed by or affiliated with PPGNHI, Interrogatory 18 calls for a description of their work history, schedules, types of abortions performed, clinics, and limitations on availability, and reasons for those limitations. *See* Ex. A (Interrogatory 18). Defendants seek to compel detailed descriptions of the requested information over a 5-year period. Because Plaintiffs' claim, however, is limited to whether the APC Ban is an undue burden in its *current* effect, only the recent past is applicable. In good faith, PPGNHI agreed to answer the interrogatory with full information for a 1-year time period, but Defendants contend they need 5 years' worth of full information to compare how having additional physicians affected access. Defendants apparently intend to defend against the claims in this case by arguing that PPGNHI's business practices in hiring and scheduling physicians are the reason for limited physician availability. There are other ways, such as using information from the one-year period and from Rule 30(b)(6) deposition testimony, for Defendants to mount their defense without impinging on physicians' time during the pandemic to further answer the interrogatory. The request should be denied.

### IV.     DISCLOSURE OF PHYSICIAN IDENTITIES BEYOND ATTORNEYS' EYES ONLY

Plaintiffs object to Defendants' request to modify the Stipulated Protective Order to allow disclosure of the true identities of physicians beyond the Attorneys' Eyes Only (AEO) parameters. *See* Ex. D (excerpt of Stipulated Protective Order, Dkt. # 73, 74). Defendants' request is unwarranted because it is grounded in speculation. Defendants contend that because some APCs who *may* perform early abortions in the *future -- if the APC Ban is lifted* -- may need to be supervised by physicians, Defendants want to investigate whether any of the physicians

who *currently* provide abortions in Idaho have ever been disciplined.   To conduct such investigations, Defendants seek to disclose the true identities of all physicians who perform abortions in Idaho to the State Board of Medicine, presumably so that the Board of Medicine can then analyze the records of each physician.  But investigation into the disciplinary records, *if any*, of physicians performing abortions in Idaho is not tied to the claim at issue here: whether the APC Ban unconstitutionally imposes an undue burden on the right of women in Idaho to access early abortion services.

To the extent any such investigation is relevant, counsel for Defendants can access Board of Medicine and other databases allowing them to easily ascertain whether there are any findings against any of PPGNHI's physicians, without disclosing names to Board members or staff.  *See* https://bom.idaho.gov/BOMPortal/AgencyAdditional.aspx?Agency=425&AgencyLinkID=120. Finally, Plaintiffs sought the AEO parameter precisely because of the urgent privacy concerns of abortion providers and patients.  Abortion providers urgently need privacy because, without that privacy, they are subjected to violence, harassment, and professional harm, including harm to their private practice within their community.  *See, e.g.*, *Planned Parenthood of Wis., Inc. v. Schimel*, 806 F.3d 908, 917 (7th Cir. 2015); *Planned Parenthood Se., Inc. v. Strange*, 33 F. Supp. 3d 1330, 1348 (M.D. Ala. 2014).  And any disclosure, once made, is irreversible for those individuals.  Because Defendants' request to disclose physician identities beyond the AEO parameters is based on conjecture, and would be unnecessary even were their conjecture supported, the request should be denied.

For all the foregoing reasons, and in light of Plaintiffs' good faith efforts to comply with reasonable discovery requests, Defendants' requests to compel and to modify the case schedule should be denied.

DATED: April 10, 2020.

STOEL RIVES LLP


*/s/ Nicole Hancock*
Nicole Hancock
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2020, I served a copy of the foregoing **PLAINTIFFS'**

**POSITION REGARDING DISCOVERY DISPUTE** on CM/ECF Registered Participants as

reflected on the Notice of Electronic Filing as follows:

      Cynthia Yee Wallace – cynthia.wallace@ag.idaho.gov

      Megan A. Larrondo – megan.larrondo@ag.idaho.gov

      Attorney for Defendants


                /s/ Nicole C. Hancock
                Nicole C. Hancock

                Attorneys for Plaintiffs