UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, a Washington corporation; MARY STARK, on behalf of herself and her patients,<br><br>    Plaintiffs,<br><br>    v.<br><br>LAWRENCE G. WASDEN, in his official capacity as Attorney General of Idaho; JAN M. BENNETTS, in her official capacity as Ada County Prosecuting Attorney; GRANT P. LOEBS, in his official capacity as Twin Falls County Prosecuting Attorney; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF MEDICINE, in their official capacity; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF NURSING, in their official capacity,<br><br>    Defendants. | Case No. 1:18-CV-00555-BLW<br><br>**ORDER RE: MOTION TO COMPEL DISCOVERY (DKT 78); MOTION TO AMEND SCHEDULING ORDER (DKT 79); MOTION TO AMEND STIPULATED PROTECTIVE ORDER (DKT 80)** |

## INTRODUCTION

Pending before the Court are Defendants' Motion to Compel Discovery

(Dkt. 78), Motion to Amend Scheduling Order (Dkt. 79), and Motion to Amend

ORDER – 1

Stipulated Protective Order (Dkt. 80). For the reasons that follow, the Court will deny the Motion to Compel, grant the Motion to Amend Scheduling Order, and will enter an order denying the Motion to Amend Stipulated Protective Order consistent with the Court's previous ruling.

## PROCEDURAL BACKGROUND

The Court held a hearing on the motions on April 17, 2020. During the hearing, and for the reasons stated on the record, the Court denied the Motion to Amend Stipulated Protective Order. The Court also denied, in part, a single issue in the Motion to Compel—Defendants' request that the Court overrule Plaintiffs' objection to Interrogatory No. 18. *See* Dkt. 78 at 2. Defendants sought information responsive to Interrogatory No. 18 from 2015 forward. The Court denied that request and ordered Plaintiffs produce information responsive from one year previous to the filing of the Complaint forward.

Provided the foregoing, two issues remain pending for the Court's determination. First, Defendants' Motion to Amend the Scheduling Order, which asks the Court to enter an order to increase the Defendants' fact-witness deposition limit to 12 to allow Defendants to depose all providing physicians. *Motion to Amend Sch. Ord.*, Dkt. 79; *see also Sch. Order*, Dkt. 71. Second, Defendants' Motion to Compel, which seeks an order from the Court compelling Plaintiffs to specifically and categorically disclose women in Idaho who have experienced the

ORDER – 2

burdens alleged by Plaintiffs in the Complaint. *Memorandum in Support of Motion to Amend Sch. Order, Motion to Compel*, Dkt. 81 at 4–6. The Court will analyze the two issues below.

## STANDARD OF REVIEW

**1.    Motions to Compel Discovery**

Discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." *Id.*  A party may move for an order compelling a discovery response pursuant to Federal Rule of Civil Procedure 37(a)(3)(B). However, such motion may not be made unless the movant has in good faith conferred, or attempted to confer, with the party allegedly failing to answer, disclose or respond. *Id.* at 37(a)(1); Idaho Local Civ. R. 37.1.

If the motion is granted, the Court must, after opportunity for hearing, order the party whose conduct resulted in the motion, or attorney advising the conduct, or both, to pay the reasonable attorney's fees of the movant. *Id*. at 37(a)(5)(A). However, the Court must not make such order for fees if the moving party filed the motion before making a good faith effort to obtain disclosure without court intervention, the nondisclosure was substantially justified, or, other circumstances would make the award of fees unjust. *Id.* at 37(a)(5)(A)(i-ii). If the motion is denied, the court may issue a protective order, and must, after providing an

ORDER – 3

opportunity for hearing, order the moving party, or attorney, or both, to pay the opposing party reasonable expenses including in opposing the motion. *Id.* at 37(a)(5)(B). The Court must not order such payment if the motion to compel was substantially justified, or other circumstances make the award of fees unjust. *Id.*

## DISCUSSION

The resolution of the pending discovery dispute is intrinsically linked to the nature of the claims alleged in this case and the type of factual allegations asserted to support them. Plaintiffs Planned Parenthood of the Great Northwest and Hawaiian Islands ("Planned Parenthood") and Mary Stark, a nurse practitioner licensed to practice advanced nursing in Idaho, Washington, and Oregon, on behalf of herself and her patients, brought a civil rights lawsuit under 42 U.S.C. § 1983 claiming an Idaho statute that makes it unlawful for any person other than a physician to perform an abortion violates the Constitution of the United States of America. Plaintiffs allege Idaho's "Physician-Only Law" violates their patients' rights to liberty and privacy as guaranteed by the Due Process Clause of the Fourteenth Amendment. They also argue the law violates equal protection rights of patients and Advanced Practice Clinicians (APCs), like Ms. Stark, under the Fourteenth Amendment's Equal Protection Clause.

Plaintiffs intend to offer two types of evidence to prove their undue burden claims: quantitative and qualitative. The quantitative evidence will primarily come

**ORDER – 4**

from experts who rely on a broad base of research, statistics, and analysis to form their opinions. Plaintiffs' 30(b)(6) designee will also provide quantitative information. The qualitative evidence will come from Planned Parenthood providers. Physicians will give qualitative information such as whether any of their patients have had to conceal an abortion from a violent partner. The primary thrust of Defendants' motions is to obtain information to test the portions of Plaintiffs' claims that rely on or are supported by the qualitative evidence about patients.

The Complaint includes the following examples of factual allegations supported, at least in part, by qualitative-type information. Plaintiffs allege that their "poor and low-income patients routinely tell them that they do not have, and will not be able to find, the money they need to travel to a clinic in a different city for abortion care." *Compl.* Dkt. 1 at 18–19. And that, due to the need to travel to clinics with a physician, "some women are simply unable to obtain an abortion and are instead forced to carry a pregnancy to term against their will." *Id.* at 19. Plaintiffs allege further that, "Plaintiffs' patients frequently implore them for an appointment on a different day of the week. Unfortunately, because of the Physician-Only Law, Plaintiffs are rarely able to accommodate these requests." Additionally, Plaintiffs allege it is common for patients estimated to be at 9 weeks of pregnancy or more to contact Planned Parenthood seeking a medication abortion, but for the patients to "live[ ] over an hour from the nearest provider of

ORDER – 5

aspiration abortion care." *Id.* at 21. Plaintiffs allege that, because of scheduling delays caused primarily by Idaho's physician only law, "these patients are often pushed past the limit for medication abortion and have to travel to Meridian, or wait up to two weeks in Twin Falls, to obtain an aspiration abortion instead—or forgo abortion care all together." *Id.*

### 1.   Physician Depositions

Defendants assert they "should be allowed to depose the seven physicians who perform abortions for Planned Parenthood to test the allegations in the Complaint, for example, that the scheduling delays are caused primarily by Idaho's physician only law, and not by other factors." Dkt. 74-1 at 1. Defendants argue each physicians' testimony is relevant to the key issues of whether any undue burden to access to early abortion services currently exists for Idaho women. *Id.* at 2. Defendants specifically assert that, the physicians are the only parties who "can provide: (1) their personal knowledge of the alleged burdens currently experienced by […] individual patients; and (2) first-hand testimony about abortion access in Idaho, as it specifically related to [the] individual [physician's] circumstances. Dkt. 81 at 3.

Plaintiffs oppose the motion for three reasons. First, they argue Defendants will have the ability to test Plaintiffs' factual allegations because Planned Parenthood has agreed to a Rule 30(b)(6) deposition, as well as to make available

ORDER – 6

for deposition three individual physicians, which would include the two physicians who are employed Planned Parenthood and one physician, as a representative exemplar, who works with Planned Parenthood on a contract, per diem basis. Dkt. 76 at 2. Plaintiffs argue any additional depositions would be cumulative and thus inconsistent with the scope and proportion limitations under Federal Rule of Civil Procedure 26(b)(1). *Id.* Lastly, Plaintiffs assert the current COVID-19 pandemic warrants additional scrutiny of Defendants' alleged need to depose every physician because the physicians "provide a variety of important, time sensitive health services to their patients beyond abortion service." *Id.*

Because the Court's resolution of the dispute regarding the number of permitted physician depositions is necessarily tied to the parties' dispute regarding the contention interrogatories, the Court will turn to that topic.

**2.    Contention Interrogatories**

Defendants have asked both Planned Parenthood and Mary Stark a set of identical interrogatories, which are Interrogatories Nos. 9-14, 16-17, and 19 to Planned Parenthood and Interrogatories Nos. 8-15 and 17 to Mary Stark. For ease of analysis, the Court will detail only the interrogatories served on Planned Parenthood. The interrogatories are set forth by Defendants as follows:

**ORDER – 7**

INTERROGATORY NO. 9: Identify all women who obtained abortions in Idaho who had to arrange and pay for transportation and time off of work in order to obtain such abortions, as discussed in paragraph 73 of the Complaint, including all facts and evidence that support your answer.

INTERROGATORY NO. 10: Identify all women who obtained abortions in Idaho who had to travel long-distance to obtain such abortions, as discussed in paragraph 74 of the Complaint, including the date and type of abortion obtained, their preferred clinic location, and all facts and evidence that support your answer.

INTERROGATORY NO. 11: Identify all women who obtained abortions in Idaho who had to arrange for child care to obtain such abortions, as discussed in paragraph 74 of the Complaint, including all facts and evidence that support your answer.

INTERROGATORY NO. 12: Identify all women who obtained abortions in Idaho who were living in poverty, or were poor and low-income, when they obtained such abortions, as discussed in paragraphs 75 and 77 of the Complaint, including all facts and evidence that support your answer.

INTERROGATORY NO. 13: Identify all women who have been or will be prevented from obtaining a medication abortion as a result of the physician-only laws, including the counties or cities in Idaho in which these women live or lived when they will be or were prevented, the month and year in which they will be or were prevented from obtaining such abortions, the gestational age when the abortion was prevented, and all facts and evidence that support your answer.

INTERROGATORY NO. 14: Identify all women who have been or will be prevented from obtaining an aspiration abortion as a result of the physician-only laws, including the counties or cities in Idaho in which these women live or lived when they will be or were prevented, the month and year in which they will be or were prevented from obtaining such abortions, the gestational age when the abortion was prevented, and all facts and evidence that support your answer.

INTERROGATORY NO. 16: Identify all women whose safety was endangered because of the physician-only laws, as discussed in paragraph 83 of the Complaint, including all facts and evidence that support your answer.

INTERROGATORY NO. 17: Identify all women who have implored Plaintiffs for an appointment on a different day of the week for an abortion, and for whom you were unable to accommodate, as discussed in paragraph 84 of the Complaint, including all facts and evidence that support your answer.

**ORDER – 8**

> INTERROGATORY NO. 19: Identify all women who obtained abortions in Idaho but whose abortions were delayed, as discussed in paragraphs 87, 88, and 93 of the Complaint, and identify the length of each delay, the gestational age of the pregnancy when the abortion took place, the gestational age of the pregnancy when the abortion would have been performed but for the delay, and all facts and evidence that support your answer.

Dkt. 81 at 8-13.

Plaintiffs' primary objections to the interrogatories are that: the interrogatories call for unlawful disclosure of patient identities, the interrogatories call for facts as to each identifiable woman, and as written, the interrogatories are not reasonably calculated to lead to the identification of admissible evidence. *See* Dkt. 76.

In response, Defendants argue Plaintiffs' objections should be overruled and Plaintiffs should be compelled to: "(1) separately assert as to each interrogatory whether they know of any specific women whose circumstances support the request; and (2) produce these facts pursuant to the 'de-identification' proposal…for the time period of 2015 through the present." Dkt. 81 at 4.

Each at-issue interrogatory asks Plaintiffs to "[i]identify all women …" that fit the factual scenarios set forth by Defendants. *Id.* at 8-13. However, Defendants assert that the interrogatories "asked Plaintiffs to disclose 'de-identified' women in Idaho who have experienced the burdens alleged by Plaintiffs in the Complaint." *Id.* at 4. To this end, Defendants assert the interrogatories are seeking to "understand *how many* women experienced the alleged burdens in Idaho and

**ORDER – 9**

whether those alleged burdens are actually caused by the physician-only laws or by some other variable." *Id.* (emphasis added).

In meet and confer discussions, Plaintiffs offered to produce aggregate data derived from patient-specific files—such as fetal gestational age and patient income levels. Defendants argue that the data will not permit them to test "which of these women"

> (1) had to arrange and pay for childcare or transportation or take time off work to obtain their abortion because of the laws at issue; (2) had to travel long distances to obtain their abortions because of the laws at issue; (3) were prevented from obtaining a medication abortion because of the laws at issue;(4) were prevented from obtaining an aspiration abortion because of the laws at issue; (5) experienced having their safety endangered because of the laws at issue; nor(6) had delayed abortions because of the laws at issue.

*Id.*

Plaintiffs assert, however, that that type of qualitative information is not contained in patient files, and is only available through individual physician providers.

When the Court considers the fact that physician testimony is the source of the qualitative information sought by Defendants in the interrogatories, and considers the manner in which Plaintiffs intend to use the qualitative evidence – i.e. through physician testimony – the Court finds that allowing Defendants to conduct depositions of each of the seven providing physicians is proportional to the needs of the case. However, also considering these factors, the Court will not

**ORDER – 10**

compel Plaintiffs to provide additional responses to Defendants' Interrogatories Nos. 9-14, 16-17, and 19 to Planned Parenthood and Interrogatories Nos. 8-15 and 17 to Mary Stark.

Plaintiffs' objection to the additional depositions on the basis of the impact of the COVID-19 pandemic is well taken. The heightened demands on medical professionals, combined with the need for ongoing distancing measures, must be considered in the context of Rule 1's mandate to the Court and the parties.[1] Considering the foregoing, the Court will require counsel to arrange for deposition by video if requested by any physician deponent. The Court also finds Defendants' Motion to Compel and corollary motions were substantially justified and therefore will not order the payment of fees. *See* Fed. R. Civ. P. 37(a)(5)(B).

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion to Compel (Dkt. 78) is **DENIED**.

2. Defendants' Motion to Amend Scheduling Order (Dkt. 79), **is GRANTED**. The Scheduling Order is hereby amended to permit Defendants to take the depositions of twelve (12) fact witnesses, seven (7) of which are the providing physicians, as set forth in the memorandum above.

---

[1] Rule 1 provides that, the Federal Rules of Civil Procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

3. Defendants' Motion to Amend Stipulated Protective Order (Dkt. 80) is **DENIED** for the reasons stated on the record during the April 17, 2020 hearing.

DATED: **April 24, 2020**

B. Lynn Winmill
United States District Judge

**ORDER – 12**