LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
Chief of Civil Litigation

Cynthia Yee-Wallace, ISB #6793
Megan A. Larrondo, ISB #10597
Deputy Attorneys General
954 W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, ID  83720-0010
Telephone:    (208) 334-2400
Facsimile:    (208) 854-8073
cynthia.wallace@ag.idaho.gov
megan.larrondo@ag.idaho.gov

    Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, a Washington corporation; MARY STARK, on behalf of herself and her patients,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE G. WASDEN, et al.,<br><br>Defendants. | Case No. 1:18-cv-00555-BLW<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS' EXPEDITED MOTION FOR CLARIFICATION AND EXTENSION** |

    Defendants submit this memorandum in support of their Expedited Motion for Clarification and Extension, filed herewith.  This memorandum is supported by the files and records herein and the Declaration of Cynthia Yee-Wallace filed herewith ("Yee-Wallace Decl.").

## I.   INTRODUCTION

The present dispute does not even represent the peak of Plaintiffs' efforts to prevent Defendants from obtaining relevant information in this case. From the outset of this case, Plaintiffs insisted on an expedited discovery schedule while concurrently acting to refuse and/or block Defendants' ability to obtain relevant evidence in discovery.

Following Plaintiffs' expert disclosures on July 15, 2020, which relied in part on data from Planned Parenthood affiliates[1] in surrounding states except Oregon, Defendants served two Rule 45 non-party subpoenas on Planned Parenthood affiliates in Oregon. The subpoenas asked the Oregon affiliates to produce aggregate and anonymized data from their Oregon clinics documenting their appointment availability and abortions performed. This data is the same as that relied on by one of Plaintiffs' experts, Caitlin Meyers, except it was from other states. The subpoenas were served on the Oregon affiliates on July 29, 2020, and asked for the disclosure of data on August 14, 2020. Plaintiffs claim the subpoenas are untimely, and that the deadline pertaining to *written discovery requests to a party*, *i.e.*, June 5, 2020, applies to Defendants' Rule 45 subpoenas to the non-party Planned Parenthood Oregon affiliates. Counsel for the Oregon affiliates followed Plaintiffs' lead and refused to produce the subpoenaed documents as requested on August 14, 2020.

The discovery cut-off for experts is October 7, 2020. Defendants' expert requested the affiliate data for his use in Defendants' expert report, due on August 21, 2020. As a result of these actions, and the pending expert disclosure deadline, this motion became necessary.

For the reasons set forth below, Defendants ask this Court to enter an order: (1) clarifying

---

[1] The "Planned Parenthood affiliates" are all affiliates of Planned Parenthood Federation of America.

MEMORANDUM IN SUPPORT OF DEFENDANTS' EXPEDITED MOTION FOR CLARIFICATION AND EXTENSION - 2

that Defendants' subpoenas to the non-party Planned Parenthood Oregon affiliates are timely, and not subject to the June 5, 2020 deadline that applies to discovery requests to a party; and (2) allowing Defendants 30 days from the date that the Oregon affiliates fully respond to the subpoenas issued to them, to supplement their expert disclosures with the benefit of the Oregon data.

## II.  BACKGROUND

### A.  The discovery dispute at issue.

On June 3, 2020, the parties agreed to the following deadlines in this case, which the Court approved:

1. The **Plaintiffs** must disclose the experts intended to be called at trial on or before **July 15, 2020**;

2. **Completion of Fact Discovery:** All fact discovery will be completed by **July 30, 2020**, with all written discovery requests to a party served far enough in advance of **June 5, 2020** to allow for completion of such discovery by June 5, 2020.

3. The **Defendants** must disclose the experts intended to be called at trial on or before **August 14, 2020**;

4. **Plaintiffs'** rebuttal experts must be identified on or before **September 14, 2020**;

5. **ALL** discovery relevant to experts must be completed by **September 30, 2020**.

(Dkts. 85, 86.) The parties agreed that all documents and data that would be relied on by experts, and was not otherwise responsive to a pending discovery request, could be disclosed on the date of the expert disclosures. (Yee-Wallace Decl. ¶ 2; *id.* Ex. C.) Certain deadlines, including Defendants' expert disclosure deadline and the discovery cut-off for experts, were extended by one week per agreement by the parties.[2] (*Id.* at 1.)

---

[2] The parties agreed to the following deadlines after Court intervention on a separate discovery dispute:
- Defendants' expert reports due on August 21, 2020;

MEMORANDUM IN SUPPORT OF DEFENDANTS' EXPEDITED MOTION FOR CLARIFICATION AND EXTENSION - 3

At issue here are two subpoenas Defendants served on Planned Parenthood of Southwestern Oregon, Inc. ("PPSO") and Planned Parenthood of the Columbia Willamette, Inc. ("PPCW") on July 29, 2020 under Federal Rule of Civil Procedure 45.  (*Id.* ¶ 3; *id.* Ex. B.) These subpoenas requested the production of aggregate and anonymized data on abortions performed and appointment availability from PPSO's and PPCW's clinics in Oregon on August 14, 2020.  (*Id.* Ex. B.)  Oregon does not have a physician-only law.  Defendants subpoenaed this data after Plaintiffs disclosed on July 15, 2020 that its expert (Caitlin Meyers) relied on abortion and appointment data from *other* Planned Parenthood affiliates in states that do not have physician-only laws, but specifically *excluded* the same data from Planned Parenthood's Oregon clinics.  (*Id.* ¶ 3.)

Despite the fact that fact discovery did not close until July 30, 2020, and expert discovery does not close until October 7, 2020, Plaintiffs informed Defendants that the deadline pertaining to *written document requests **to a party*** (*i.e.*, June 5, 2020) applied to Defendants' Rule 45 subpoenas.  On August 3, 2020, Plaintiffs' counsel stated:

> Plaintiffs' position is that the document discovery production deadline was June 5, 2020 for production of all factual materials from the parties responsive to discovery requests.  It appears that what Defendants are seeking under the subpoenas is not expert discovery, but additional fact discovery.  The deadline to seek fact discovery is closed.  All factual evidence relied upon by experts that is responsive to discovery requests should already have been produced within the discovery cutoff, and all other material relied upon (not otherwise responsive to discovery requests) should be disclosed in conjunction with each expert's report, as now agreed.
>
> With respect to expert discovery, Plaintiffs' position is that permitted discovery at this stage includes depositions of the parties' respective experts as well as

---

- Plaintiffs' rebuttal expert reports due on September 21, 2020;
- All discovery relevant to experts to be completed by October 7, 2020;
- Settlement conference deadline by October 22, 2020; and
- Dispositive motion filing deadline by November 6, 2020.

(Yee-Wallace Decl. Ex. A at 1.)

MEMORANDUM IN SUPPORT OF DEFENDANTS' EXPEDITED MOTION FOR CLARIFICATION AND EXTENSION - 4

> issuance of subpoenas duces tecum to experts to ensure disclosure of materials relied upon in each expert's report. That does not include subpoenas seeking new factual material months after the document discovery cutoff.

(*Id*. Ex. C at 1.) Not surprisingly, nine days later, counsel for PPSO and PPCW in Oregon mirrored Plaintiffs' position and refused to produce the requested data. (*Id*. Ex. D.) Defendants have hired an attorney in Oregon to compel the production of the Oregon data. (*Id*. ¶ 5.)

### B. Summary of Defendants' difficulty in obtaining relevant and responsive information from Plaintiffs.

Plaintiffs have asked this Court to enjoin Idaho Code §§ 18-608A and 18-605(3) ("physician-only laws") so that advanced practice clinicians can perform aspiration abortions, which are surgical abortions performed using suction only (as opposed to abortions using suction plus other instruments such as forceps, etc.). In addition, Plaintiffs claim that the law is an undue burden in Idaho because their physicians are busy doing other things, and thus cannot perform abortions as frequently as they would like. (*See* Dkt 1.)

In February of 2020, Defendants asked Planned Parenthood to identify in written discovery the number of abortions it performed in Idaho, including telemedicine abortions, and to separately identify the type of abortions it performed (*i.e.*, medication versus surgical abortions, and within surgical abortions, abortions performed solely by aspiration versus those performed using aspiration plus other instruments) from January 1, 2010 to the present. (Yee-Wallace Decl. Ex. E at 16, 19.) Planned Parenthood objected to Defendants' requests, stating that such information was "equally available to Defendants," and pointed to the Idaho Department of Health and Welfare's Vital Statistics ("DHW's Vital Statistics") for induced abortions. (*Id*.) On March 6, 2020, Planned Parenthood stated that it would supplement its discovery responses to these requests. (*Id*.)

Plaintiffs did not articulate the time frame that they claimed the physician-only laws were

an undue burden in their Complaint, and both Plaintiffs and Defendants used January 1, 2010 through the date of trial in this case as the scope of their discovery requests.  (*See id*. ¶ 6).  When Defendants received Plaintiffs' responses to Defendants' discovery, Plaintiffs objected to several requests claiming that a 10-year temporal scope was unreasonable, even though they had used the same temporal scope in their requests to Defendants.  (*Id*.; *id.* Ex. E.)  After rounds of meet and confer discussions, Plaintiffs represented that they intended to prove that the physician-only laws were an undue burden "***in its current effect***" and would prove that by looking "at data and facts from the *recent past* as to abortion safety."  (Dkt. 81-16 at 1.)  Plaintiffs limited important relevant discovery responses to the time period of 2017 to the present based upon this representation.  (*See* Yee-Wallace Decl. Ex. A.)

On April 28, 2020, Planned Parenthood disclosed a spreadsheet showing the number of medication and surgical abortions it performed from 2015 to 2019, but failed to produce any underlying data supporting the numbers and totals in this spreadsheet at that time.  (Yee-Wallace Decl. ¶ 7.)  Planned Parenthood produced no data or information that identified the specific method by which the abortions it performed from 2015 to present were performed (*i.e*., the number of medication abortions, abortions performed solely by aspiration, and abortions performed by aspiration and other instruments).  (*Id*.)

The following day, April 29, 2020, Defendants sent Planned Parenthood a second set of discovery requests, specifically asking—in a number of ways—for all documents and data showing the number of medication and surgical abortions it performed relevant to this case.  (*Id*. ¶ 8; *id.* Ex. F.)  In Defendants' discovery requests, Defendants defined "surgical abortions" to mean any abortion performed by means other than medication or solely aspiration (suction) and includes dilation and evacuation (suction plus other instruments) ("D&E").  (*Id*. ¶ 8.)

In response to the objections lodged by Plaintiffs, Defendants reached out to DHW's Vital Statistics division and obtained copies of every Induced Termination of Pregnancy Report ("ITOP report") reflecting all abortions performed in Idaho from January 1, 2015 to present. (*Id.* ¶ 9.) Defendants' counsel received this data from DHW in a usable form on May 29, 2020, and provided it to their expert for analysis. (*Id.*)

On June 6, 2020, Planned Parenthood provided Defendants with underlying data supporting its earlier spreadsheet, reflecting what it claims are the total number of abortions it performed in Idaho from 2015 to the present. (*Id.* ¶ 10.) This data, however, did not identify which of its surgical abortions were performed solely using aspiration versus abortions that were performed using suction plus other instruments. (*Id.*)

Defendants sent meet and confer letters to Plaintiffs on June 19, 2020 and June 24, 2020, attempting to outline deficiencies with Plaintiffs' discovery to that point. (*Id.* Exs. G, H.) Specifically, Defendants asked Plaintiffs to update its underlying data to differentiate which surgical abortions were performed via aspiration from those that were D&E abortions. (*Id.* Ex. H at 3.)

On July 8, 2020, Planned Parenthood responded to Defendants' meet and confer letters, falsely representing that "PPGNHI does not collect aggregable data regarding which procedures were completed using aspiration and which involved D&E."[3] (*Id.* Ex. I at 2.) This admission was both surprising and perplexing, considering Plaintiffs' requested relief seeks to allow advanced practice clinicians the ability to perform abortions using aspiration only. Once

---

[3] On July 29, 2020, Defendants deposed Planned Parenthood's Chief Medical Officer, who is also a physician, and she testified that Planned Parenthood does in fact track which abortions are performed using only aspiration and those that are performed using aspiration plus other instruments. (Yee-Wallace Decl. ¶ 15.)

MEMORANDUM IN SUPPORT OF DEFENDANTS' EXPEDITED MOTION FOR CLARIFICATION AND EXTENSION - 7

Plaintiffs made this representation, it became clear to Defendants that the only way to differentiate surgical abortions that were performed by Planned Parenthood using only aspiration versus those performed using D&E, will be to rely on the ITOP reports which do differentiate such abortions. (*Id*. ¶ 13.) Thus, on July 10, 2020, Defendants supplemented its discovery responses and provided Plaintiffs with the over 6,800 ITOP reports completed from January 1, 2015 through March 2020. (*Id*.) Most of the ITOP reports were from Planned Parenthood's physicians.[4] (*Id*.)

On July 15, 2020, Plaintiffs produced the expert report of Caitlin Meyers ("Meyers report"), which not only cherry-picked data from June 2016 to the present,[5] but also cherry-picked the use of Planned Parenthood affiliate data. (*Id*. ¶ 14; *and see id.* Ex. A.) The Meyers report purportedly supports Plaintiffs' undue burden claim through the use of data from Planned Parenthood and other Planned Parenthood affiliates from June 2016 to the present. (*Id*. ¶ 14.) Notably, Meyers used affiliate data from Colorado, New Mexico, Montana, and Washington in her report because such states claim to allow advanced practice clinicians the ability to perform abortions. (*Id*.) However, although Meyers discussed the number of Planned Parenthood clinics in Oregon, she did not use affiliate abortion or appointment data from Oregon, even though Oregon also does not have a physician-only law. (*Id*.) After reviewing the Meyers report, Defendants' expert requested the Oregon affiliate data in order to include an analysis of this data in his report and to respond to the Meyers report. (*Id*.)

---

[4] Plaintiffs have attempted to paint Defendants' disclosure of the ITOP forms on July 10, 2020 as late and improper despite the fact that Defendants promptly disclosed them when it because clear that they were the only evidence that would show the differentiation of surgical abortions performed by Planned Parenthood.

[5] Defendants will not rehash this dispute, but simply refer to the emails to the Court to show that Defendants had to seek court intervention to get Plaintiffs to supplement their discovery with information from 2015 to present. These emails are attached as Exhibit A to the Declaration of Cynthia Yee-Wallace filed herewith.

MEMORANDUM IN SUPPORT OF DEFENDANTS' EXPEDITED MOTION FOR CLARIFICATION AND EXTENSION - 8

As set forth above, however, Plaintiffs claim that Defendants' July 29, 2020 subpoenas to the Oregon affiliates are governed by the written discovery cut-off applicable to a party, June 5, 2020, and counsel for PPSO and PPCW in Oregon has taken Plaintiffs' lead, refusing to produce the data.

Defendants are prepared to produce their expert reports on August 21, 2020.  (*Id.* ¶ 16.) However, Defendants ask the Court to: (1) clarify for Plaintiffs that Defendants' Rule 45 subpoenas to PPSO and PPCW are timely, and not subject to the June 5, 2020 deadline pertaining to written discovery to a party; and (2) enter an order allowing Defendants the ability to supplement their expert disclosures within 30 days from the date they receive full and complete responses from PPSO and PPCW.

### III.    STANDARD

Federal Rule of Civil Procedure 6(b)(1), and local Rule 6.1 give this Court discretion to grant extensions for good cause.  Motions for time extensions should be granted when there is good cause, construed broadly, and no showing of bad faith or prejudice to the nonmoving party. *Choice Hotels Int'l, Inc. v. Penta Hosp.*, LLC, 670 F. App'x 921, 922 (9th Cir. 2016).

### IV.    DISCUSSION

**A. Defendants' Rule 45 subpoenas to PPSO and PPCW are not subject to the June 5, 2020 deadline.**

Plaintiffs' position that the subpoenas to PPSO and PPCW are governed by the June 5, 2020 deadline pertaining to written discovery requests to a party is meritless.  First, subpoenas under Rule 45 are not "written discovery to a party."  And neither PPSO nor PPCW are parties in this case.  Second, the subpoenas at issue seek evidence that became relevant after Plaintiffs disclosed their expert reports on July 15, 2020.  Defendants' expert requested this data in order to include it in his analysis and to respond to the Meyers report.  The subpoenas were served by the

fact discovery cut-off of July 30, 2020, as well as the expert discovery cut-off of October 7, 2020.  Using Plaintiffs' faulty logic, if the abortion and appointment data for Planned Parenthood's Oregon affiliate was in fact discovery subject to the June 5, 2020 deadline, that same data from Planned Parenthood's Colorado, New Mexico, Montana, and Washington affiliates, which was not disclosed by Plaintiffs until July 17, 2020, would similarly be banned (as would any other material that is part of expert discovery, which Plaintiffs acknowledge is continuing at this time).

Moreover, Plaintiffs cannot possibly in good faith claim that they are prejudiced by the information sought by the subpoenas.  Their own expert used the same data from other Planned Parenthood affiliates, and Plaintiffs chose to exclude the Oregon affiliate abortion and appointment data.  The Court should enter an order clarifying that Defendants' subpoenas to PPSO and PPCW are timely and not subject to the cut-off date of June 5, 2020.

**B. The Court should allow Defendants the ability to supplement its expert reports once PPSO and PPCW fully respond to the subpoenas.**

Defendants have hired an attorney in Oregon and will be moving to compel PPSO and PPCW to produce the requested abortion and appointment data.  However, there is no way to tell how long this court process will take.  But for Plaintiffs' erroneous position taken in this case, and adopted by PPCW and PPSO, Defendants could have obtained the requested Oregon affiliate data on August 14, 2020 and included it in their expert report to be disclosed on August 21, 2020.  Defendants are prepared to disclose their expert reports on August 21, 2020, but ask the Court to enter an order allowing them the ability to supplement their expert disclosures within 30 days from the date that PPSO and PPCW fully respond to the subpoenas directed to them.

## V. CONCLUSION

There is no good faith basis for Plaintiffs' position that the information sought by Defendants—which directly responds to their expert reports disclosed on July 15, 2020—is barred by the June 5, 2020 deadline, which applies to written discovery requests to a party. Plaintiffs have at every turn refused to provide, or blocked Defendants' access to, relevant evidence in this case. The information sought by Defendants is relevant and timely sought. Any argument of prejudice by Plaintiffs is baseless. The Court should enter an order clarifying that Defendants' subpoenas to PPSO and PPCW are timely, and not subject to a cut-off of June 5, 2020. The Court should also enter an order giving Defendants 30 days from the date that PPSO and PPCW fully respond subpoenas issued to them, within which to supplement their expert disclosures.

Dated: August 17, 2020.

By: */s/ Cynthia Yee-Wallace*
CYNTHIA YEE-WALLACE
DEPUTY ATTORNEY GENERAL
*Attorneys for Defendants*

\

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Nicole Hancock<br>nicole.hancock@stoel.com | Alice Clapman<br>alice.clapman@ppfa.org |
| Hannah Brass Greer<br>hannah.brassgreer@ppgnhi.org | Kim C. Clark<br>kclark@legalvoice.org |
| Vanessa Soriano Power<br>vanessa.power@stoel.com | Jill D. Bowman<br>jill.bowman@stoel.com |
| S. Julia Collier<br>julia.collier@stoel.com | Hannah Swanson<br>Hannah.swanson@ppfa.org |

    /s/ *Cynthia Yee-Wallace*
C<small>YNTHIA</small> Y<small>EE</small>-W<small>ALLACE</small>