UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND THE HAWAIIAN ISLANDS, a Washington corporation; MARY STARK, on behalf of herself and her patients,<br><br>    Plaintiffs,<br><br>    v.<br><br>LAWRENCE G. WASDEN, in his official capacity as Attorney General of Idaho; JAN M. BENNETTS, in her official capacity as Ada County Prosecuting Attorney; GRANT P. LOEBS, in his official capacity as Twin Falls County Prosecuting Attorney; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF MEDICINE, in their official capacity; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF NURSING, in their official capacity,<br><br>    Defendants. | Case No. 1:18-cv-00555-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION AND ORDER - 1**

# INTRODUCTION

Before the Court is Plaintiffs' Motion to Compel Production of Written Expert Communications and Notes of Oral Communications between Defendants' Expert Dr. Stevens and His Consultant, Dr. J. (Dkt. 105). Defendants have filed a Motion to Quash the subpoena directed to Dr. Stevens by Plaintiffs. (Dkt. 108). The Court ordered Defendants to provide the disputed written communications and notes to the Court for *in camera* review. For the reasons stated below, the Court will grant in part and deny in part Plaintiffs' motion to compel and deny Defendants' motion to quash the subpoena.

# BACKGROUND

Plaintiffs moved to compel the production of written communications and notes of the oral conversations between two of Defendants' experts—Dr. John R. Stevens, an expert retained to testify, and Dr. J[1], a consulting expert. In preparation for his deposition, Plaintiffs served a subpoena duces tecum on Dr. Stevens requesting production of his documents. During his deposition, Dr. Stevens testified that he communicated with Dr. J about providing expert testimony and drafting his expert report in this case. Dr. J also provided materials and other

---

[1] Due to privacy concerns, Dr. J's identity is protected from public disclosure by a Protective Order in this case.

**MEMORANDUM DECISION AND ORDER - 2**

information Dr. Stevens considered when drafting his expert report in this case. Plaintiffs requested production of the written communications Dr. Stevens exchanged with Dr. J and Dr. Stevens' notes of other oral conversations. Defendants assert that "all responsive documents, not subject to the protections of Rule 26 and that are otherwise relevant have been produced." (*Decl. Vanessa Powers*, Dkt. 105-1, ¶ 5). After a discovery mediation conference, the parties filed briefing and the Court ordered an *in camera* review of the documents.[2]

## ANALYSIS

**1.    Rule 26(a)(2)(B)**

Since Dr. Stevens is a testifying expert, analysis of this dispute begins with Federal Rule of Procedure 26(a)(2)(B), which requires the disclosure of any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert. Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes (2010 amendments). This rule should "be interpreted broadly" to include "any material considered by the expert, from whatever source, that contains factual ingredients" and only exclude "theories or mental impressions of counsel." *Id.* Materials considered include "anything received, reviewed, read, or authored by

---

[2] The documents provided to the Court have been saved to a disc that will be filed under seal with the Clerk of the Court as part of the record in this case.

**MEMORANDUM DECISION AND ORDER - 3**

the expert" in connection with forming his opinion if the subject matter relates to the facts or opinions expressed. *See United States v. Dish Network, L.L.C.*, 297 F.R.D. 589, 595 (C.D. Ill. 2013) (quoting *Euclid Chemical Co. v. Vector Corrosion Technologies, Inc.*, 2007 WL 1560277, at *4 (N.D. Ohio May 29, 2007) (collecting cases)).

Here, the Court finds that because all of the disputed documents were received by Dr. Stevens, they are within the scope of Rule 26(a)(2)(B) and are subject to disclosure unless they are protected under one of the provisions of Rule 26 discussed below.

## 2. Drafts of a Testifying Expert

Defendants assert that many of the documents are protected from disclosure as draft reports of a testifying expert witness under Rule 26(b)(4)(B). However, this protection does not extend to the expert's development of his or her opinions that occurs outside of draft reports. *See* Fed. R. Civ. P. 26(b) advisory committee's notes (2010 amendment). Notes, memoranda, and review of reports—by both the testifying expert and any non-attorneys—also fall outside the protection of the work product doctrine. *See In re Application of Republic of Ecuador*, 280 F.R.D. 506, 513–514 (N.D. Cal. 2012).

Here, draft reports created by Dr. Stevens are protected; however, his notes,

**MEMORANDUM DECISION AND ORDER - 4**

outlines, memoranda, and emails discussing the reports with Dr. J are not protected and must be disclosed. Any notes, edits and comments by Dr. J, and any graphs, tables, code, spreadsheets, or reports he authored are not protected under this rule. The challenge posed here is that a number of the documents appear to be draft reports which include handwritten notes or highlighting by Dr. J. Those notes and highlighting fall outside the protection of the work product doctrine, while the reports themselves, standing alone, would not be subject to disclosure. The problem is that the handwritten notes and highlighting are only understandable if considered in the context of the draft report itself. To resolve this conundrum, the Court will require that any paragraph of a draft report which contains Dr. J's handwritten notations or highlighting must be produced for review by Plaintiffs, but the balance of the draft reports will not be produced.

The Court has determined the following documents are draft reports with handwritten notes from Dr. J that must be produced as explained above: 7988, 8017, 8033, 8034, 8035, 8087, 8209, 8210. The following documents are protected from disclosure as draft reports: 7923, 7925, 7927, 7929, 7930, 7938, 7942, 7944, 7947, 7949, 8064, 8079, 8097, 8117, 8138, 8148. It is not clear from the documents provided who authored document 7922. If Dr. Stevens is the author, then this constitutes a draft of the expert report that is protected. If Dr. J is the

**MEMORANDUM DECISION AND ORDER - 5**

author, then it is not protected as a draft and must be disclosed. All other documents identified as drafts in the Defendant's privilege log must be disclosed to Plaintiffs unless the Court has indicated the document is otherwise protected.

### 3. Work Product, Facts, and Opinions Held by a Consulting Expert

#### a. Rule 26(b)(3)

Defendants argue that some of the disputed documents contain Dr. J's work product that is protected from discovery under Rule 26(b)(3). However, the Ninth Circuit has held that work product protection for trial preparation materials prepared by a non-attorney is waived where the materials are disclosed to a testifying expert. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 n.4 (9th Cir. 2014). Thus, any work product created by, opinions held by, and facts known to Dr. J that were provided to Dr. Stevens are not protected under Rule 23(b)(3).

#### b. Rule 26(b)(4)(D)

Defendants also argue that the protection for facts known to or opinions held by a consulting expert under Rule 26(b)(4)(D) should be extended to include document subpoenas. However, this rule expressly states that the opinions held by, or facts known to, an expert retained "in anticipation of litigation or to prepare for trial and who is not expected" to testify at trial may not be discovered by *interrogatories or depositions*. Fed. R. Civ. P. 26(b)(4)(D) (emphasis added). If the

**MEMORANDUM DECISION AND ORDER - 6**

Advisory Committee had intended to expand the protection of Rule 26(b)(4)(D) to include document subpoenas, it would have included this method of discovery in the rule. Moreover, although suggesting during the hearing on this issue that she had such authority—and would provide it to the Court following the hearing—defense counsel has not provided any persuasive case law supporting an expansive view of the rule. Therefore, Rule 26(b)(4)(D) will not protect any work product created by, opinions held by, or facts known to Dr. J that were provided to Dr. Stevens.

5.      **Protected Communications – Rule 26(b)(4)(C)**

Rule 26(b)(4)(C) protects "communications between the party's attorney and any [expert] required to provide a report . . . except to the extent that the communications": (1) related to the expert's compensation; (2) identify "facts or data" provided by the attorney that the expert considered; or (3)"identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C). However, discovery of "communications the expert had with *anyone* other than the party's counsel about the opinions expressed" is permitted. Fed. R. Civ. P. 26(b)(4) advisory committee's notes (2010 amendments).

**MEMORANDUM DECISION AND ORDER - 7**

Here, conversations between Dr. Stevens and defense attorneys are protected—except as the rule provides—but when Dr. J participates in these conversations, they are no longer communications between a testifying expert and counsel, and therefore are not protected communications. The attorneys' mental impressions, conclusions, opinions or legal theories expressed within the emails are attorney work-product and, as such, may be redacted.

The Court has identified the following documents that contain attorney comments and work product that may be redacted before the documents are disclosed to Plaintiffs: 7915, 7932, 7933, 7934, 7935, 7937, 7939, 7940, 7941, 7943, 7945, 7946, 7948, 7950, 7951. The following documents are protected from disclosure entirely as communications between an expert and counsel: 7881, 7882, 7883, 7890, 7898, 7899, 7906, 7907, 7908, 7909, 7913, 7914, 7917, 7919, 7920, 7928. All other documents identified as protected communications under Rule 26(b)(4)(C) in the Defendant's privilege log must be disclosed to Plaintiffs unless the Court has indicated the document is protected under a different rule.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion to Compel Production of Written Expert Communications and Notes of Oral Communications between

**MEMORANDUM DECISION AND ORDER - 8**

Defendants' Expert Dr. Stevens and His Consultant, Dr. J. (Dkt. 105) is **GRANTED** in part and **DENIED** in part.

2. Defendant's Motion to Quash (Dkt. 108) is **DENIED**.

3. Defendants must disclose to Plaintiffs all documents, or portions of documents, that the Court has not identified above as protected from discovery as soon as possible.

3. The Clerk of the Court is directed to maintain the disc of the exhibits reviewed by the Court under seal.

DATED: December 31, 2020

B. Lynn Winmill
U.S. District Court Judge