UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PLANNED PARENTHOOD OF THE GREAT NORTHWEST AND HAWAIIAN ISLANDS, a Washington corporation; MARY STARK, on behalf of herself and her patients,<br><br>      Plaintiffs,<br><br>      v.<br><br>LAWRENCE G. WASDEN, et al.,<br><br>      Defendants. | Case No. 1:18-cv-00555-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendants' Motion in Limine (Dkt. 125) regarding Plaintiffs' experts. The motion is fully briefed and at issue. For the reasons that follow, the Court will deny the motion.

## BACKGROUND

The factual background of this case is set forth in the Court's Order on summary judgment filed concurrently herewith. Those facts are incorporated herein by reference. Plaintiffs have disclosed the contested witnesses as experts under Federal Rule of Civil Procedure 26(a)(2)(B) & (C). The witnesses have

MEMORANDUM DECISION AND ORDER - 1

offered opinions that Planned Parenthood's abortion schedule is problematic for Idaho women for reasons related to transportation, work and childcare schedules, and associated costs. The witnesses also opine that if the Physician-Only Law was invalidated and APCs were able to perform medication and aspiration abortions in Idaho, it would meaningfully resolve those difficulties.

## LEGAL STANDARD

There is no express authority for motions in *limine* in the Federal Rules of Evidence. Nevertheless, these motions are well recognized in practice and by case law. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 (2000). Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *see also* Fed. R. Civ. P. 56(e). In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id.* (affirming consideration of hearsay contents of plaintiff's diary on summary judgment because at trial, plaintiff's testimony of contents would not be hearsay). Motions in limine "should be granted sparingly and only in those instances where the evidence

MEMORANDUM DECISION AND ORDER - 2

is plainly inadmissible on all potential grounds. *D.A. v. Meridian Joint Sch. Dist. No. 2*, No. 1:11-cv-00119-CWD, 2013 WL 12147769, at *2 (D. Idaho June 14, 2013) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)).

## ANALYSIS

Defendants seek to exclude the testimony of five individuals Plaintiffs have identified as intended expert witnesses—Dr. S, Dr. K, Dr. Nichols, Dr. Bostaph, and Plaintiff Stark—with respect to any and all opinions as to the effect of the Physician-Only Law on Idaho Women, including as to (1) whether Idaho women face logistical barriers to obtaining abortions, (2) whether the Physician Only Law is the cause of those alleged burdens, and (3) whether Plaintiffs could alleviate those burdens if the Physician Only Law were enjoined. Defendants challenge the witnesses' opinions because they repeat hearsay, they lack relevant expertise, and they have not applied reliable principles and methods.

The Federal Rules of Evidence permit a witness to testify to matters for which the witness has personal knowledge. Fed. R. Evid. 602. An expert witness may testify in the form of an opinion if the Court finds that: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and

methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Expert testimony must be both 'relevant' and 'reliable' under Rule 702." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)). The proponent of the testimony bears the burden of establishing admissibility. *See* Fed. R. Evid. 702 advisory committee's notes to 2000 amendments ("[T]he admissibility of all expert testimony is governed by the principles of Rule 104(a). Under that Rule, the proponent has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence.").

Particularly in a bench trial, it is better to allow a contested expert to testify and allow "vigorous cross-examination, presentation of contrary evidence," and careful weighing of the burden of proof to test the reliability of evidence. *See Daubert*, 509 U.S. 579, 596 (1993). Concerns about the reliability of expert testimony are better addressed through determination of the weight of the evidence rather than a preliminary determination of admissibility. *See Fierro v. Gomez*, 865 F. Supp. 1387, 1395 n.7 (N.D. Cal. 1994). If, in the context of trial, the Court determines that evidence is hearsay or otherwise unreliable, the Court sitting as factfinder can more easily disregard the evidence than a jury.

Federal Rule of Evidence 703 permits experts to render opinions based on hearsay if the hearsay is of the type reasonably relied on by experts in the field. Rule 803 provides exceptions to the rule against hearsay, including: excited utterances; statements of the declarant's then-existing state of mind (such as intent or plan); and statements that describe medical history, symptoms, and duration or cause of symptoms made for and pertinent to medical diagnosis or treatment.

Here, the evidence is not "plainly inadmissible on all potential grounds." The Plaintiffs have provided evidence that the disputed statements made to expert witnesses fall into one or more of the exceptions listed above. For example, statements made to a medical provider during a medical appointment discussing appointment availability and delays in care are admissible because they relate to the patient's state of mind, diagnosis, and treatment plan.

Further, the types of statements and methods contested here are routinely admitted in cases challenging abortion laws. *See* Dkt. 131 at 16 (collecting cases discussing admission of evidence at trial in abortion cases). The Court is not convinced that the experts here are unqualified to offer the opinions asserted. The contested experts have significant knowledge, skill, education, training, and experience in their respective fields. The record shows that they have relied on sufficient facts or data and used reliable methods to apply the facts and data to this

**MEMORANDUM DECISION AND ORDER - 5**

case. To the extent Defendants disagree with the facts or methods used or the reliability of the experts' opinions, they may raise those concerns through cross-examination and rebuttal evidence. Therefore, the Court will decline to enter an order excluding these experts or their contested opinions. Defendant's motion in limine is denied without prejudice.

## ORDER

**IT IS ORDERED** that:

1. Defendant's Motion in Limine (Dkt. 125) is **DENIED**.

DATED: September 30, 2021

B. Lynn Winmill
U.S. District Court Judge